UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-81124-Cannon/McCabe

MICHAEL JOHNSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon a referral from United States District Judge Aileen M. Cannon to conduct an evidentiary hearing and issue a Report and Recommendation on Claim 3 of Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Motion"). (DE 13). The Court conducted an evidentiary hearing on October 7, 2024. (DE 30). For the reasons set forth below, the undersigned **RECOMMENDS** that Claim 3 of the Motion be **DENIED**.

**I.    BACKGROUND**

This matter arises from a § 2255 Motion filed by Michael Johnson following his guilty plea and conviction in the underlying case of *United States v. Johnson*, Case No. 21-CR-80191. The Motion raised five claims of constitutional deficiency. (DE 1). On May 31, 2024, the District Judge issued an Order denying Claims 1, 2, 4, and 5. (DE 13 at 16). As to Claim 3, the District Judge instructed the undersigned to conduct an evidentiary hearing and issue a Report and Recommendation regarding disposition of the claim, which alleged as follows:

> [Trial] Counsel performed ineffectively by failing to file a notice of appeal after Movant requested that she file one.

(DE 1 at 7).

## II. STANDARD

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining ineffective assistance of counsel. 466 U.S. 668, 687 (1984). First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id.* Second, a petitioner must show that this deficient performance prejudiced the defense. *Id.* To satisfy the second prong, a petitioner must show a reasonable probability exists that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694. Both prongs of the test must be satisfied. *Id.* at 687. Courts "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (cleaned up).

When trial counsel fails to file a notice of appeal after being asked to do so, relief is mandatory under § 2255:

> Under *Strickland*, an attorney acts in a professionally unreasonable manner when he fails to file an appeal on behalf of a client who specifically requests one. *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). Failure to file a requested notice of appeal is *per se* ineffective assistance of counsel, regardless of whether the appeal would have had merit. *Id.* at 483–86, 120 S. Ct. 1029. In that scenario, prejudice is presumed because the movant is denied the opportunity for a proceeding at all. *Id.* at 483, 120 S. Ct. 1029.

*Hurtado v. United States*, 808 F. App'x 798, 802 (11th Cir. 2020). In such circumstances, it makes no difference that the defendant has waived the right to appeal by way of a written plea agreement. *Garza v. Idaho*, 586 U.S. 232, 243 (2019).

## III. FINDINGS OF FACT & CONCLUSIONS OF LAW

Based on the evidence received and considered during the evidentiary hearing on this matter, the Court makes the following findings of fact and conclusions of law.

### The Charges

1. In April 2022, a Superseding Information charged Johnson with the following offenses carrying the following potential penalties:

| Count | Offense | Penalty |
|---|---|---|
| 1 | Felon in Possession of a Firearm and Ammunition (18 U.S.C. §§ 922(g)(1) and 924(e)) | Mandatory 15 years and up to life in prison |
| 2 | Possession with Intent to Distribute a Controlled Substance (21 U.S.C. § 841(a)(1)) | Not more than 20 years in prison |
| 3 | Possession of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. § 924(c)(1)(A)(i)) | Mandatory consecutive 5 years to life in prison |
| 4 | Felon in Possession of a Firearm and Ammunition (18 U.S.C. §§ 922(g)(1) and 924(e)) | Mandatory 15 years and up to life in prison |

(CRDE 20).[1]

2. As to Counts 1 and 4, Johnson faced enhancement under the Armed Career Criminal Act ("ACCA"), which requires the imposition of a mandatory minimum 15-year term of imprisonment for persons convicted of possession of a firearm under 18 U.S.C. § 922(g), who also have three prior state or federal convictions for "violent felonies" or "serious drug offenses." *See* 18 U.S.C. § 924(e).

---

[1] This Report and Recommendation shall denote citations to the underlying criminal case docket as "CRDE." Citations to the instant civil case docket shall be denoted as "DE."

3

3. At the time of Johnson's case, the law was in flux as to whether Johnson's prior state court convictions would qualify for enhancement under ACCA. *See United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022) (analyzing whether certain Florida State court convictions qualified as "serious drug offenses" for purposes of the ACCA), *vacated by* No. 21-13963, 2022 WL 4959314 (11th Cir. Sept. 8, 2022), *and superseded by* 55 F.4th 846 (11th Cir. 2022), *cert. granted*, 143 S. Ct. 2457 (2023), and *aff'd sub nom. Brown v. United States*, 602 U.S. 101 (2024). Both sides faced uncertainty on the issue.

4. Attorney Caroline McCrae of the Federal Public Defender's Office represented Johnson as trial counsel at all relevant times in the underlying case. At the time of the representation, Attorney McCrae had been practicing law since 2009 and had served as an assistant public defender, at either the state or federal level, during her entire career. She estimated she had represented approximately 1,000 indigent criminal defendants during her career.

### The Plea Agreement & Plea Hearing

5. At some point prior to trial, the parties began to negotiate a Plea Agreement. Attorney McCrae met with Johnson at least twice to discuss the pros and cons of going to trial versus entering into the Plea Agreement. Ultimately, on May 17, 2022, Johnson signed a written Plea Agreement that included the following terms:

    a. Johnson agreed to plead guilty to Counts 1, 2, and 4. (CRDE 30 ¶ 1).

    b. The Government agreed to dismiss Count 3 at sentencing (which would have carried a mandatory 5-year sentence, consecutive to any other sentence imposed). (CRDE 30 ¶ 2).

      c.      Johnson and the Government jointly agreed to recommend an 18-year sentence (216 months), regardless of whether Johnson qualified for the ACCA enhancement. (CRDE 30 ¶ 9).

      d.      Johnson acknowledged that, even though he and the Government had jointly agreed to an 18-year sentence (216 months), the District Judge was not bound to accept that recommendation. (CRDE 30 ¶ 11).

      e.      Johnson agreed to waive his appellate rights subject to three exceptions that would allow him to appeal if (1) the sentence exceeded the maximum allowed by statute, (2) the sentence was the result of an upward departure and/or upward variance from the advisory guideline range established at sentencing, or (3) the Government elected to take its own appeal. (CRDE 30 ¶ 15).

6.      The District Judge conducted a change-of-plea hearing on May 17, 2022. (CRDE 46-1). During the hearing, the District Judge conducted a full and thorough colloquy with Johnson to assure that he understood the offenses to which he was pleading guilty, the potential penalties and consequences of his guilty plea, and the terms of the Plea Agreement itself. (CRDE 46-1). At the conclusion of the hearing, the Court accepted Johnson's guilty plea as to Counts 1, 2, and 4. (CRDE 46-1).

## The Sentencing

7.      Following the plea, the Probation Office prepared a Presentence Investigation Report ("PSI") that calculated a total offense level of 31 and a criminal history category of VI. (CRDE 37 ¶ 127). This yielded a guideline range of 188 - 235 months. (CRDE 37 ¶ 127).

8. The PSI opined that Johnson qualified as a career offender based on his prior state court convictions, making him eligible for a potential increase under U.S.S.G. § 4B1.1. (CRDE 37 ¶ 39). The PSI noted, however, that Johnson's "otherwise applicable offense level determined under Chapters Two and Three" was greater than the career offender offense level. (CRDE 37 ¶ 39). As such, the PSI applied the greater offense level.

9. Sentencing took place on August 8, 2022. (CRDE 45-1). The Government affirmed the joint recommendation of 216 months' imprisonment as set forth in the Plea Agreement, as a "sufficient, but not greater than necessary" sentence. (CRDE 45-1 at 6). Attorney McCrae likewise affirmed the recommendation, pointing out that Johnson had accepted responsibility, that he had grown up under difficult circumstances, and that he had substantial family support that would guide him upon release. (CRDE 45-1 at 8-10).

10. After considering all of the relevant factors, the District Judge rejected the parties' joint recommendation of 216 months and instead imposed a sentence – still within the guidelines range – of 235 months' imprisonment, followed by a 5-year term of supervised release, and a $300 special assessment. (CRDE 45 at 5-16).

11. At the conclusion of the sentencing hearing, the District Judge granted the Government's motion to dismiss Count 3 as per the Plea Agreement. (CRDE 45 at 17). The District Judge also advised Johnson of his right to appeal. (CRDE 45 at 17).

### The August 10 Meeting

12. Two days later, on August 10, 2022, attorney McCrae met with Johnson in a virtual Webex meeting that lasted approximately 40 minutes.

13. During the meeting, Attorney McCrae discussed the pros and cons of filing an appeal. Johnson initially advised that he wanted to file a notice of appeal. Attorney McCrae made

handwritten notes of the meeting, and she wrote the following in her notes: "wants to file an appeal." (DE 34-4).

14. Attorney McCrae held the view that Johnson should not file an appeal because the risks of doing so outweighed the potential benefits to be achieved. Given that Johnson had received a guidelines sentence, McCrae doubted the appeal would qualify for one of the three exceptions to the appeal waiver set forth in Johnson's Plea Agreement. In other words, she felt the appeal had very little chance of success.

15. As to risks, Attorney McCrae was concerned that an appeal might constitute a breach of the Plea Agreement, which would release the Government from its contractual promise to dismiss Count 3. Attorney McCrae feared that an appeal might prompt the Government to reinstitute its claim against Johnson for violation of 18 U.S.C. § 924(c) – an offense that carried a mandatory 5-year sentence consecutive to the sentence already imposed upon Johnson.

16. Attorney McCrae's handwritten notes from the August 10 meeting include the following notation: "924(c)?" (DE 34-4). This reflected her concern that an appeal might trigger the Government to reinstitute the § 924(c) charge.

17. Attorney McCrae was aware of case law supporting the notion that a defendant's breach of a plea agreement might open the door to allow the Government to reinstitute charges dismissed by way of that same plea agreement. If Johnson persisted in his instruction to file the notice of appeal, Attorney McCrae planned to gather the necessary case law and meet with Johnson again to show him the case law and make sure he understood the risks of an appeal.

18. Attorney McCrae testified that, as the meeting progressed, Johnson came to accept her view that the risks of appeal outweighed the potential benefits. He therefore withdrew his instruction that she file a notice of appeal. Once Johnson agreed not to proceed with the appeal,

Attorney McCrae added the following notation immediately adjacent to her previous notation regarding Johnson's desire to appeal: "≠."  (DE 34-4).  Attorney McCrae explained that she regularly uses the ≠ symbol in her notetaking as a shorthand to mean no or negative.

19.  In contrast to Attorney McCrae, Johnson testified during the hearing on this matter that he instructed Attorney McCrae to file a notice of appeal and that he never wavered from this instruction.

20.  In the credibility contest between Attorney McCrae and Johnson, the Court finds Attorney McCrae to be the more credible witness.  The Court bases this conclusion on Attorney McCrae's notes, the Court's own perception of the witnesses, and the underlying logic of Attorney McCrae's advice, i.e., that the potential risks of appeal outweighed the unlikely benefits to be obtained.

21.  Based on this finding, the Court concludes that Attorney McCrae did not render ineffective assistance of counsel within the meaning of *Strickland* by failing to follow Johnson's instruction to file a notice of appeal.  As a factual matter, the Court finds that Johnson withdrew that instruction.  As such, Claim 3 of the Motion should be denied.

## IV.  RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

In sum, the undersigned respectfully **RECOMMENDS** that Claim 3 of the Motion be **DENIED** in accordance with the findings of fact and conclusions of law set forth above.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation

and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 22nd day of October 2024.

_____
RYON M. MCCABE
U.S. MAGISTRATE JUDGE